**UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA**
CASE NO.:

LATRABIA MINGO,

    Plaintiff,

v.

IRONCLAD PROJECTS LLC, a Florida
Limited Liability Company

    Defendant.

_____/

**COMPLAINT**

Plaintiff, LATRABIA MINGO ("MINGO" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, IRONCLAD PROJECTS LLC (hereinafter "IronClad" or "Defendant") and says:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Miami-Dade County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a project manager.

6. Plaintiff is a Baptist/Pentecostal female who complained about discrimination on the basis of her religion. Plaintiff is therefore a member of a class protected under the Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex, female, and her religion and in retaliation for complaints she made.

7. Defendant IronClad is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about September 9, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit: March 15, 2019.

11. Plaintiff was issued a Notice of Suit Rights on January 28, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff worked for Defendant as a project manager from on or about November 8, 2018 until her termination on or about March 15, 2019. During Plaintiff's employment with Defendant, she reported directly to Alfred Low, the owner of Defendant.

13. During Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment due to her gender and religion.

14. When Plaintiff started working for Defendant, she was the only female non-Jewish employee.

15. By the end of 2018, another female non-Jewish employee, Paulina Campo, started working for Defendant.

16. During Plaintiff's employment with Defendant, almost all of the other employees at IronClad were Jewish males, including Mr. Low.

17. Mr. Low consistently made derogatory comments to Ms. Campo and Plaintiff for being women, including cursing.

18. Despite that Plaintiff was hired as a project manager, Mr. Low constantly stated that Plaintiff was not very helpful since she was a woman, she could not do roofing jobs, and that he would fire Plaintiff if she could not do roofing jobs.

19. Mr. Low maintained kosher dietary restrictions in the office, which essentially only affected Plaintiff and Ms. Campo.

20. Mr. Low allowed his employees to go out to have non-kosher food, but only allowed male employees to go out for lunch together, while female employees were only allowed to leave one at a time.

21. Mr. Low also managed IronClad in favor of his own religion, because the office was completely closed from sundown on Friday until sundown on Saturday, wherein no phone calls or text messages related to work were allowed.

22. Contrary to Mr. Low's religion practice, Plaintiff's religion requires her to attend church on Sundays, and Plaintiff's requests not to be disturbed on Sundays were never respected by Mr. Low.

23. Mr. Low constantly called or texted Plaintiff regarding work on Sundays, which resulted in Plaintiff not being able to attend church on multiple occasions.

24. Plaintiff complained to Mr. Low multiple times that she needed to attend church on Sundays and therefore could not work. Mr. Low never addressed Plaintiff's requests or complaints, but decided to terminate Plaintiff.

25. As a result of Plaintiff's complaints, on or about March 15, 2019, Mr. Low demanded that Plaintiff get her things and leave.

26. Plaintiff was not provided a reason for her termination, and any reason claimed by Defendant is pretextual.

27. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's sex and religion were, at minimum, a motivating factor in Defendant's decision for her termination[1].

28. Prior to her termination, Plaintiff was unaware of any performance deficiencies and she had not been previously disciplined.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON SEX)

31. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

32. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e for damages caused by Defendant's discrimination against Plaintiff on the basis of sex.

33. Plaintiff is a member of a protected class, to wit, female.

34. Mr. Low frequently made offensive comments about Plaintiff as a woman, and treated Plaintiff less favorably than her male co-workers.

35. Mr. Low's harassment was so frequent and severe that it created a hostile and/or offensive work environment, which eventually lead to Plaintiff's termination.

36. Plaintiff was never provided any reason for her termination, and any reason claimed by Defendant is pretextual.

37. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's sex was, at minimum, a motivating factor in Defendant's decision for her termination.

38. Defendant's owner, Mr. Low, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low, and/or other employees.

39. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

40. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

    b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (HOSTILE WORK ENVIRONMENT)

41. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

42. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the harassment Mr. Low inflicted on Plaintiff on the basis of sex.

43. Plaintiff is a member of a protected class, to wit, female.

44. Mr. Low frequently made offensive comments about Plaintiff as a woman, and treated Plaintiff less favorably than her male co-workers.

45. Mr. Low was the owner and Plaintiff's supervisor during the entirety of her employment with Defendant, and Mr. Low's harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Mr. Low's conduct was severe and pervasive from both a subjective and objective perspective.

46. Defendant's owner, Mr. Low, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low, and/or other employees.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (DISCRIMINATION BASED ON RELIGION)

49. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

50. Plaintiff brings this action under Title VII for damages caused by Defendant's discrimination against Plaintiff for failure to reasonably accommodate Plaintiff's religious beliefs or practices.

51. Plaintiff is a member of a protected class because her religion required her to attend church on Sundays.

52. Plaintiff requested not to be disturbed by work on Sundays but Mr. Low constantly called or texted Plaintiff regarding work on Sundays, which resulted in Plaintiff not being able to attend church on multiple occasions.

53. Defendant's owner, Mr. Low, acted with intentional disregard for Plaintiff's rights to practice her religion protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low, and/or other employees.

54. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

55. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

56. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

57. Plaintiff brings this action for retaliation in violation of Title VII.

58. Plaintiff needed to attend church on Sundays due to her religion, but her requests not to be disturbed by work on Sundays were never honored.

59. Plaintiff complained to Mr. Low multiple times that she needed to attend church on Sundays and therefore could not work, but Mr. Low never addressed any of Plaintiff's complaints but persisted delegating work to Plaintiff on Sundays.

60. As a result of Plaintiff's complaints, on or about March 15, 2019, Mr. Low demanded that Plaintiff get her things and leave.

61. Plaintiff was never provided a reason for her termination, and any reason claimed by Defendant is pretextual.

62. Plaintiff's termination constitutes an adverse employment action under Title VII.

63. Defendant's actions were done with malice, and with disregard for Plaintiff's rights to practice her religion protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low

and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT V: VIOLATION OF FCRA
### (DISCRIMINATION BASED ON SEX)

64. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

65. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's harassment against Plaintiff.

66. Plaintiff is a member of a protected class, to wit, female.

67. Mr. Low frequently made offensive comments about Plaintiff as a woman, and treated Plaintiff less favorably than her male co-workers.

68. Mr. Low's harassment was so frequent and severe that it created a hostile and/or offensive work environment, which eventually lead to Plaintiff's termination.

69. Plaintiff was never provided any reason for her termination, and any reason claimed by Defendant is pretextual.

70. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's sex was, at minimum, a motivating factor in Defendant's decision for her termination.

71. Defendant's owner, Mr. Low, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low, and/or other employees.

72. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

73. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

  b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

  c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

  d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VI: VIOLATION OF FCRA
### (HOSTILE WORK ENVIRONMENT)

74. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

75. Plaintiff brings this action under the FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the harassment Mr. Low inflicted on Plaintiff.

76. Plaintiff is a member of a protected class, to wit, female.

77. Mr. Low frequently made offensive comments about Plaintiff as a woman, and treated Plaintiff less favorably than her male co-workers.

78. Mr. Low was Defendant's owner and Plaintiff's supervisor during the entirety of her employment with Defendant, and Mr. Low's harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Mr. Low's conduct was severe and pervasive from both a subjective and objective perspective.

79. Defendant's owner, Mr. Low, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under FCRA. Defendant, by and through its officers,

and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low, and/or other employees.

80. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

81. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA.  Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director or nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII: VIOLATION OF THE FCRA
## (DISCRIMINATION BASED ON RELIGION)

82. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

83. Plaintiff brings this action under the FCRA for damages caused by Defendant's unlawful employment practices against Plaintiff.

84. Plaintiff is a member of a protected class because her religion required her to attend church on Sundays.

85. Plaintiff requested not to be disturbed by work on Sundays but Mr. Low constantly called or texted Plaintiff regarding work on Sundays, which resulted in Plaintiff not being able to attend church on multiple occasions.

86. Defendant's owner, Mr. Low, acted with intentional disregard for Plaintiff's rights to practice her religion as protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low, and/or other employees.

87. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

88. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VIII: VIOLATION OF FCRA
### (RETALIATION)

89. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

90. Plaintiff brings this claim for retaliation in violation of FCRA.

91. Plaintiff needed to attend church on Sundays due to her religion, but her requests not to be disturbed by work on Sundays were never honored.

92. Plaintiff complained to Mr. Low multiple times that she needed to attend church on Sundays and therefore could not work, but Mr. Low never addressed any of Plaintiff's complaints but persisted delegating work to Plaintiff on Sundays.

93. As a result of Plaintiff's complaints, on or about March 15, 2019, Mr. Low demanded that Plaintiff get her things and leave.

94. Plaintiff was never provided a reason for her termination, and any reason claimed by Defendant is pretextual.

95. Plaintiff's termination constitutes an adverse employment action under FCRA.

96. Defendant's actions were done with malice, and with disregard for Plaintiff's rights to practice her religion protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Low and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LATRABIA MINGO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff LATRABIA MINGO hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 24, 2020

          LAW OFFICES OF CHARLES EISS, P.L.
          Attorneys for Plaintiff
          7951 SW 6th Street, Suite 112
          Plantation, Florida 33324
          (954) 914-7890 (Office)
          (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       chuck@icelawfirm.com
       TIEXIN YANG, Esq.
       Fla. Bar #1010651
       tiexin@icelawfirm.com